The document below is hereby signed.

Signed: March 29, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ANTONIO ROBERSON,              )      Case No. 09-00437
                               )      (Chapter 11)
                Debtor.   )      Not for Publication in
                               )      West's Bankruptcy Reporter

<u>MEMORANDUM DECISION RE MOTION TO DISMISS OR CONVERT</u>

The United States Trustee has moved for dismissal or

conversion of this case pursuant to 11 U.S.C. § 1112(b), and has

established cause for dismissal or conversion under 11 U.S.C.

§ 1112(b)(4)(J) based on the debtor having failed to file a plan

by the deadline set by 11 U.S.C. § 1121(e)(2).  Cause having been

established, the case must be dismissed or converted unless one

of the exceptions specified by § 1112(b)(1) applies.

One exception is found in § 1112(b)(2), but § 1112(b)(2)(A)

sets a requirement, in order for § 1112(b)(2) to apply, that a

plan can be confirmed within the time frame set by § 1121(e).
The debtor is already past that time frame.  Accordingly, the
debtor may not invoke § 1112(b)(2).

Another exception, found in § 1104(a)(3), is when the court
determines that the appointment of a trustee or examiner is in
the best interests of creditors and the estate.  The debtor has
not suggested that § 1104(a)(3) applies.

Finally, § 1112(b)(1) itself permits the court to deny
dismissal based on "unusual circumstances specifically identified
by the court that establish that the requested conversion or
dismissal is not in the best interests of creditors and the
estate."  But does this exception apply when § 1112(b)(2) has
been shown to be inapplicable?  The language of § 1112(b)(2) is
confusing as to whether it is intended to be a limitation on the
exception within § 1112(b)(1) itself, but has been interpreted as
not being such a limitation, and I will assume, without deciding,
that such an interpretation is correct.

Nevertheless, this case does not fit within the exception
contained in § 1112(b)(1) itself.  The United States Trustee
declines to waive the requirement of section 1121(e) that a plan
be confirmed within 300 days of the petition date.  Because
confirmation of a plan is barred, it is pointless to keep this
case in chapter 11.  Accordingly, the debtor is unable to show
any unusual circumstances that establish that conversion or

dismissal is not in the best interests of creditors and the estate, and the exception in § 1112(b)(1) itself is unavailable.

The debtor does not seek to convert the case to chapter 7. Accordingly, the case will be dismissed.   An order follows.

[Signed and dated above.]

Copies to: Debtor's counsel; Office of U.S. Trustee.